IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Krutel Defazio Mack,<br>  Petitioner,<br><br>v.<br><br>Warden M.L. Rivera,<br>  Respondent. | Case No. 4:10-cv-3039-RMG<br><br>**ORDER** |

  This matter is before the court on a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 18, 2011, the Magistrate Judge issued a Report recommending that the respondent's motion for summary judgment be granted and the petitioner's Petition for Writ of Habeas Corpus be denied and dismissed without an evidentiary hearing. The Magistrate Judge also advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed objections to the Report. As explained herein, this Court conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

## LAW/ANALYSIS

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Petitioner challenges the Bureau of Prisons ("BOP") decision to deny him an interview and entry into a residential drug abuse program ("RDAP"), and argues this denial subsequently prevented his consideration for admittance in to a residential re-entry center ("RCC") under the Second Chance Act of 2007, 18 U.S.C. § 3624(c). However, the Petitioner's claim under the Second Chance Act is without merit, as mere completion of an RDAP does not automatically entitle an inmate to be placed in an RCC or community confinement facility for the maximum allowable period as provided in 18 U.S.C. § 3624(c)(1). *See Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 *7 (D.S.C. Sept. 2, 2009).

Pursuant to 18 U.S.C. § 3624(c)(6), the BOP adopted regulations governing RCC assignments and retains substantial discretion with regards to when an inmate will be assigned to an RCC. The BOP exercises its discretion through conducting an individualized assessment of that inmate's particular circumstances in accordance with the criteria listed in 18 U.S.C. § 3621(b). This criteria of determining appropriate and suitable housing for an inmate includes:

> (A) the resources of the facility contemplated; (2) the nature andcircumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence – concerning the purposes for which the sentence to imprisonmentwas determined to be warranted ; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

2

18 U.S.C. § 3621(b).

Furthermore, while § 3624(c)(1) of the Second Chance Act clearly authorizes the BOP to assign an inmate to an RRC for any period of time up to the statutory maximum of the final twelve months of his sentence, it does not guarantee an inmate a one-year placement. Rather, it directs the BOP to consider placing an inmate in an RRC based on the aforementioned criteria listed in § 3621(b). *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009). Additionally, under § 3624(e), the BOP is provided with an incentive of potential reductions in sentences for inmates who successfully complete an RDAP. However, any potential sentence reduction is vested within the discretion of the BOP. 18. U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Thus, even if the Petitioner was to successfully complete an RDAP, he would not be entitled to an automatic sentence reduction or placement in an RCC. Rather, the sentence reduction or RCC placement would be within the BOP's discretion.

The Petitioner also alleges that the BOP acted arbitrarily and capriciously in failing to interview him and in denying him the opportunity to participate in an RDAP. (Dkt. No. 1 at 4.). The BOP is to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Thus, as the statute clearly indicates, placement in an RDAP and any potential sentence reduction under § 3621(e) is vested within the discretion of the BOP. Petitioner may be eligible for an RDAP if he is (1) "determined by the Bureau of Prisons to have a substance abuse problem," and (2) "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B). Although the statute does not define "substance abuse problem," it does clearly delegate to the BOP the authority and discretion to determine who has such a problem. *Id.*

In accordance with 18 U.S.C. § 3621, the BOP considered the BOP Program Statement 5331.10, containing certain eligibility criteria for inmates to enter an RDAP and attain potential sentence reduction, and reasonably determined that the Petitioner was ineligible because the documentation presented to verify a substance abuse problem was unacceptable. (Dkt. No. 15).

Furthermore, federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976) (finding "no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process.").

## CONCLUSION

After a review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court adopts the magistrate judge's Report and Recommendation and the Respondent's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 10, 2011
Charleston, South Carolina